IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-00069-FDW-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHIRLEY INGRAM, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On July 13, 2013, this Court entered a criminal judgment in this case after Defendant Ingram was found guilty by a jury on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of the use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924 and 3559.

On May 6, 2015, the Clerk docketed a pro se motion "for an indicative ruling" on his Rule 37(a) motion. (3:10-cr-00069, Doc. No. 96). In this motion Defendant Ingram states that he will demonstrate that his conviction is in violation of the United States Constitution and federal statutory law, and he seeks to have his judgment vacated and a new trial. Defendant Ingram's claim is brought properly pursuant to 28 U.S.C. § 2255 which provides an avenue to attack the legality of criminal judgment.

In accordance with Castro v. United States, 540 U.S. 375 (2003), and United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), the Defendant is advised that the Court intends to construe his motion as a request to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Before he agrees to this recharacterization of the motion, the Defendant should consider the fact that, if the Court construes the instant motion as one under § 2255, the motion will constitute a "first petition" under § 2255. As a result, if the Defendant later wishes to file a second or successive § 2255 petition in this Court, he will first be required to obtain a

certificate allowing such from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2255(h).

Additionally, the law imposes a one-year statute of limitations on a defendant's right to bring a § 2255 motion. This one-year period begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Defendant is hereby afforded the opportunity to withdraw his motion, (Doc. No. 96), or to amend it so that it contains all the § 2255 claims he wishes to assert. Nonetheless, if the Defendant fails to respond to this Order or agrees to have the motion recharacterized as a § 2255 petition, the Court will consider the motion pursuant to § 2255 and shall consider it as of the date that the original motion was filed.

**IT IS, THEREFORE, ORDERED** that the Defendant file a response on or before 30 days from entry of this Order advising whether or not he agrees with the recharacterization of the motion as described herein. If the Defendant does not agree to the modification, the Court will rule on the merits of the pending motion if his judgment has become final. If the Defendant agrees to the modification, he may file amendments to the original motion so as to include any pertinent grounds not alleged in the original filing. If the Defendant wishes to file such amendments, he must do so within the 30-day period stated above. The Defendant is advised that

if he does not timely respond to this Order, the Court will proceed with its recharacterization of the motion as described herein.

**IT IS SO ORDERED.**

Signed: May 13, 2015

Frank D. Whitney
Chief United States District Judge