IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-00069-FDW-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHIRLEY INGRAM, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of the *pro se* motions that Defendant Ingram, Jr. filed in which he contends that "his conviction is in clear violation of the United States Constitution and federal laws," and therefore his conviction should be vacated and he should be awarded a new trial. (3:10-cr-00069, Doc. No. 106 at 1).

On July 16, 2013, this Court entered a criminal judgment in this case after Defendant was found guilty by a jury on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of the use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924 and 3559. Petitioner was sentenced to a term of 240-months' imprisonment and his judgment was affirmed on appeal. (Id., Doc. No. 79: Judgment). See United States v. Ingram, 597 F. App'x 151 (4th Cir.) (unpublished), cert. denied, 135 S. Ct. 2823 (2015).

A defendant seeking to attack his criminal judgment generally must file a motion pursuant to 28 U.S.C. § 2255 which provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1

28 U.S.C. § 2255(a).

The Court finds that the Petitioner's claim that his conviction is illegal is a collateral attack on his judgment and he is therefore instructed that he may file a § 2255 Motion to Vacate. Defendant Ingram is notified that pursuant to the holdings in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), and <u>United States v. Blackstock</u>, 513 F.3d 128, 132 (4th Cir. 2008), the Court intends to construe his pending motions as a request to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Before he agrees to this recharacterization of the motions, the Defendant should consider the fact that, if the Court construes the instant motions as ones under § 2255, the motions will constitute a "first petition" under § 2255. As a result, if the Defendant later wishes to file a second or successive § 2255 in this Court, he will first be required to obtain a certificate allowing such from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2255(h).

Additionally, the Court notes that the law imposes a one-year statute of limitations on a defendant's right to bring a § 2255 motion. This one-year period begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's petition for a writ of certiorari was denied by the Supreme Court on June 8,

2015, therefore he has one year from that date to file a § 2255 Motion to Vacate. See <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) (As is relevant to Defendant: "Finality attaches when this Court . . . denies a petition for writ of certiorari . . .").

The Defendant is hereby afforded the opportunity to withdraw his motions, (Doc. Nos. 106 and 108), or agree to have the motions recharacterized as a § 2255 Motion to Vacate and to file any amendments so that it contains all the § 2255 claims he wishes to assert. Furthermore, if the Defendant fails to respond to this Order or agrees to have the motion recharacterized as a § 2255 petition, the Court will consider the motion pursuant to § 2255 and shall consider it filed on the date his motion for relief was filed. (Doc. No. 106: Pro se Motion, filed Sept. 15, 2015).

**IT IS, THEREFORE, ORDERED** that the Defendant shall file a response on or before 30 days from entry of this Order advising whether or not he agrees with the recharacterization of the motions as described herein. If the Defendant does not agree to the recharacterization, the Court will rule on the merits of the pending motions. If the Defendant agrees to the modification, he may file amendments to the original motions so as to include any pertinent grounds not alleged in the original filings. If the Defendant wishes to file such amendments, he must do so within the 30-day period stated above. The Defendant is advised that if he does not timely respond to this Order, the Court will proceed with its recharacterization of the motion as described herein.

**SO ORDERED.**

Signed: October 1, 2015

Frank D. Whitney
Chief United States District Judge