UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CR-00069-FDW

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| SHIRLEY INGRAM JR, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release and Supplemental Motions for Compassionate Release. (Doc. Nos. 153, 159, 160.) These matters have been fully briefed, (Doc. Nos. 156, 157), and are ripe for ruling. For the reasons set forth below, Defendant's Motions are **DENIED**.

## I. BACKGROUND

In January 2011, a jury convicted Defendant Shirley Ingram, Jr. of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). (Doc. No. 53.) The United States Probation Office prepared a presentence report in Defendant's case that included an enhancement under the Armed Career Criminal Act ("ACCA"). (Doc. No. 68, p. 5, ¶ 20.) This Court adopted the presentence report without change or objection from either party concerning the ACCA enhancement[1] and sentenced Defendant to the mandatory minimum sentence of 180 months imprisonment on Count One and 60 consecutive months imprisonment on Count Two for an aggregate sentence of 240 months. (Doc. No. 79.) Defendant appealed, and the

---

[1] Both parties filed objections concerning the "three-strikes" enhancement, which the Court did not apply. (Doc. No. 80, p. 1.)

1

United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence—including the ACCA enhancement—on January 18, 2015. (Doc. No. 91.)

In April 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) asking the Court to reduce his sentence based on his medical conditions—including high blood pressure, hypertension, and hepatitis C—and the COVID-19 pandemic at that time. (Doc. No. 129.) This Court denied the motion, concluding that Defendant had not demonstrated extraordinary and compelling reasons supported his motion because the "general threat of exposure to COVID-19 alone" was not sufficient. (Doc. No. 138, p. 4.) Further, the Court determined the sentencing factors under 18 U.S.C. § 3553(a)(1) did not support Defendant's motion. (Id., p. 5.)

In February 2023, Defendant filed a second motion for compassionate release. (Doc. No. 153.) Defendant renewed that motion in February 2024. (Doc. Nos. 159, 160.) Defendant contends that a sentence reduction to time-served is appropriate because of a change in law concerning the required predicate offenses to support the ACCA enhancement he received at sentencing. Further, he argues a reduction is appropriate because of his health conditions, which he asserts the BOP is not equipped to treat properly. The United States responded in opposition to Defendant's motion arguing he has not exhausted his administrative remedies. (Doc. No. 156.) Further, the United States argues Defendant's ACCA argument is without merit because he has more than three qualifying prior convictions and the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. (Id., pp. 3–4.)

## II. STANDARD OF REVIEW

Defendant's motion seeks a reduction in his sentence in this case pursuant to 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court

2

under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[2] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See U.S. Sent'g Guidelines Manual § 1B1.13. The amendments became effective on November 1, 2023. Id. They supersede much of the case law that developed over the past several years while there was no policy statement applicable to defendant-filed motions. See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). However, while drafting the new policy statement, the Sentencing Commission considered case law that developed after the enactment of the First Step Act in the absence of a binding policy statement. U.S. Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)).

---

[2] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

The policy statement now in effect authorizes a finding of extraordinary and compelling reasons for relief under § 3582(c)(1)(A) where, as relevant here: (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). An intervening change in law, other than an amendment to the Guidelines Manual that is not explicitly retroactive, can be considered even if that change is not retroactive. Id. Defendant filed his Motion before the amendment became effective. However, he references the change in his renewed motion, (Doc. No. 169, p. 3), and this Court will evaluate the Motions under the current policy statement.

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021)). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir.

4

2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

### III. EXHAUSTION

The United States contends Defendant has not exhausted his administrative remedies. Defendant represents he notified the wardens of two BOP facilities he intended to seek compassionate release. The BOP had no record of any requests from him as of June 2023. (Doc. No. 156-2.) However, Defendant attached to his supplemental motion a letter from FCI Butner Warden David Rich dated January 8, 2024, denying his request for compassionate release. (Doc. No. 159-1.) Because Defendant renewed his motion with evidence that he has exhausted his administrative remedies, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

### IV. ANALYSIS

Defendant asserts that a sentence reduction to time-served under 18 U.S.C. § 3582(c)(1)(A) is appropriate because today he would not be subject to an enhancement under the ACCA, 18 U.S.C. § 924(e). He further argues the Bureau of Prisons cannot adequately treat his medical conditions, he has made strides towards rehabilitation, and the § 3553(a) factors support release.

**A. The ACCA Enhancement**

Defendant's primary argument is extraordinary and compelling circumstances exist to support a sentence reduction because of changes in case law concerning the ACCA enhancement. He argues his North Carolina conviction for second degree kidnapping is no longer a predicate violent felony after the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Without the ACCA enhancement, Defendant would not have been subject to a fifteen-year

5

mandatory minimum sentence on Count One. See 18 U.S.C. § 924(e). The United States does not concede—but does not appear to contest—that second degree kidnapping in violation of North Carolina General Statute § 14-39 is no longer an ACCA predicate. (Doc. No. 156, p. 4.)

The Court turns first to the propriety of Defendant's argument in this procedural posture. To the extent Defendant seeks a sentence reduction on the grounds that his sentence was unlawful, the motion will be denied. Fourth Circuit precedent requires this Court to reject his argument. Compassionate release cannot be used to make a collateral attack on the lawfulness of a previously imposed sentence. United States v. Ferguson, 55 F.4th 262, 269–270 (4th Cir. 2022). The proper method to challenge the lawfulness of a sentence is under 28 U.S.C. § 2255. As the Ferguson court observed, "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255 requirements." Id. at 270 (emphasis added). Consequently, Defendant's effort to utilize compassionate release to challenge the lawfulness of his previously imposed sentence is improper.

Instead, the Court considers Defendant's argument as a basis to reduce his legally valid sentence based on an alleged difference in penalties between the time he was sentenced and now. Concepcion, 142 S. Ct. at 2396; United States v. Owens, No. 10-CR-60, 2022 WL 17821560, at *5 (W.D. Va. Dec. 20, 2022) (noting Ferguson does not bar a compassionate release motion based on changes in case law and not an attack on an original conviction and sentence). Amendment 814 to the Guidelines also permits Defendant's argument. See U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). Construing Defendant's argument as appropriate under § 3582(c)(1)(A), the Court looks to the Sentencing Commission's policy statement. U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). Assuming Defendant's sentence is "unusually long," see id., as of June 2023 he

was credited with serving 179 months of that sentence (more than ten years). (Doc. No. 156-1, p. 1.) He must still show that an intervening change in law has created a "gross disparity" between his sentence and the sentence likely to be imposed today. Id. He has not done so.

In support of his motion, Defendant cites United States v. Petties, 42 F.4th 388, 391 (4th Cir. 2022), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). Those cases invalidated a defendant's enhanced sentence under a similar statute, 18 U.S.C. § 16(b), on the grounds that kidnapping in violation of 18 U.S.C. § 1201(a) is not a crime of violence. Petties, 42 F.4th at 391; Walker, 934 F.3d at 379. But Defendant was not convicted under the federal kidnapping statute, 18 U.S.C. § 1201(a). He was convicted in state court of violating North Carolina General Statute § 14-39. Therefore, this argument is unavailing.

However, Defendant is correct that kidnapping is not an enumerated offense under ACCA. See 18 U.S.C. § 924(e)(2)(B)(ii). And under North Carolina law, second degree kidnapping does not have as an element "the use, attempted use, or threatened use of physical force against the person of another"—it may be accomplished not by force only, but by fraudulent means as well. 18 U.S.C. § 924(e)(2)(B)(i); State v. Sturdivant, 304 N.C. 293, 307 (1981). Therefore, while second degree kidnapping may have served as an ACCA predicate under the residual clause, it does not after Johnson invalidated the residual clause on constitutional grounds. 576 U.S. at 602.

The United States argues even without the kidnapping offense Defendant had more than three other predicate convictions to support the ACCA enhancement. Specifically, Defendant had four breaking and entering convictions and a conviction for possession with intent to sell heroin, a serious drug offense. (Doc. No. 156, p. 4; Doc. No. 156-1, p. 1.) Defendant argues if his predicate convictions "were not brought up as predicate offenses they cannot be used as predicate offenses." (Doc. No. 157, p. 2.) The Fourth Circuit agreed, in United States v. Hodge, that where no party

7

objects to the presentence report and that report identifies only some of a defendant's potential ACCA predicate offenses in applying the enhancement, the United States may not later substitute other offenses to justify the enhancement. 902 F.3d 420, 426–27 (4th Cir. 2018). But Defendant is not similarly situated to the defendant in Hodge.

In Defendant's presentence report, the probation officer identified the following convictions in the paragraph applying the ACCA enhancement to this Defendant: Breaking and Entering (2 counts, 1976); Breaking and Entering and Larceny (1980); Preparation to Commit Burglary (1983); Second Degree Kidnapping (1987); Breaking and Entering (1986); and Breaking and Entering (1987). (Doc. No. 68, p. 5, ¶ 20.) Excluding Defendant's second-degree kidnapping conviction, this list includes four convictions for breaking and entering committed on different occasions. Breaking and entering under North Carolina law is a violent felony under the ACCA. United States v. Hammonds, No. 21-4316, 2022 WL 16835639, at *2–3 (4th Cir. Nov. 9, 2022) (citing United States v. Dodge, 963 F.3d 379, 385 (4th Cir. 2020)). Therefore, the ACCA enhancement still properly applies to Defendant, and he cannot demonstrate extraordinary and compelling reasons support his release on this basis.

**B. Defendant's Age and Health**

Defendant's second argument in support of compassionate release is he is not receiving adequate medical care while incarcerated. Defendant does not identify his specific health issues in any of his current motions for compassionate release—he simply states he is "immunocompromised from his many comorbidities" and has a "multitude of health issues." (See Doc No. 157, p. 1; Doc. No. 159, p. 3.) However, his presentence report indicated he suffers from hypertension and an irregular heartbeat. (Doc. No. 68, p. 23.) And in Defendant's prior motion for compassionate release, which the Court already denied, (Doc. No. 139), Defendant also reports

high blood pressure and chronic hepatitis C. (Doc. No. 129, p. 2.) He is 67 years old. (Doc. No. 68, p. 2.)

The Court will briefly address Defendant's claim that "COVID is alive and well" at FMC Butner. (Id.) BOP reports only six active cases of COVID-19 in the entire Butner complex. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Mar. 6, 2024). And in May 2023, the federal government ended the national state of emergency related to COVID-19. National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). The Court, therefore, focuses on Defendant's assertions concerning the BOP's level of care for his medical conditions, rather than its efforts to prevent the spread of infectious disease.

Where a defendant "is suffering from a serious physical or medical condition that substantially diminishes [his] ability to provide self-care" while incarcerated and from which he is not expected to recover, extraordinary and compelling reasons may exist to support compassionate release. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B). Further, where a defendant is at least 65 years old, is experiencing a "serious deterioration in physical or mental health" due to age and has served at least ten years, or seventy-five percent, of his term of imprisonment, extraordinary and compelling reasons may exist to support compassionate release. Id., § 1B1.13(b)(2). Defendant is old enough to receive the benefit of this subsection and has served enough of his sentence. (Doc. No. 68, p. 2; Doc. No. 156-1, p. 1.) He must also demonstrate a serious physical or medical condition and/or deterioration due to age.

In support of his Motion, Defendant cites an NPR article concerning the BOP's healthcare services and accreditation, which also cites a report from the Office of the Inspector General. (Doc. No. 159-1.) The article highlights several stories of inmates whose cancer—as well as other ailments including epilepsy and a heart defect—went undetected or untreated while they were

9

incarcerated. The article focuses on FMC Butner. However, Defendant makes no specific allegation that he is being refused care or has suffered a medical incident related to his diagnoses while in prison. Defendant urges the Court "to order updated medical records from the BOP that will validate his serious medical condition." (Doc. No. 159, p. 3.) But the Court is limited to the record before it. On this record, the Court has no basis to accept Defendant's conclusory—albeit potentially serious—general allegations concerning the quality of the BOP's medical services. United States v. Richardson, 5-18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (requiring "robust evidentiary showing" to demonstrate extraordinary and compelling circumstances). And Defendant's documented ailments, while serious, are not of similar severity to a life-threatening cancer diagnosis. Unites States v. Tidwell, 476 F. Supp. 3d 66 (E.D. Pa. 2020) (finding the combination of defendant's stage IV prostate cancer and the COVID-19 pandemic at that time supported release); United States v. Beck, 425 F. Supp. 3d 573, 580–81 (M.D.N.C. 2019) (finding extraordinary and compelling reasons supported release where BOP treatment for defendant's breast cancer was "abysmal" and lengthy delays allowed cancer to metastasize to her lymph nodes).[3]

Accordingly, Defendant has not shown that his medical conditions are an extraordinary and compelling reason for compassionate release. See United States v. Garcia, No. 5:03-CR-00020, 2023 WL 6883187, at *4 (W.D.N.C. Oct. 18, 2023) (denying relief where generalized hardship faced by "every defendant" would otherwise "become the 'exception that swallows the general rule of finality'") (quoting United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021))).

---

[3] Ms. Beck's tragic circumstances were described in the NPR article Defendant cites.

## C. Rehabilitation

Defendant also argues his efforts at rehabilitation warrant early release to supervision. However, under 28 U.S.C. § 994(t), "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Because Defendant has not shown other extraordinary and compelling reasons support release, his rehabilitative efforts alone do not suffice.

## D. 3553(a) Factors

Even if Defendant had shown extraordinary and compelling reasons justify the relief he seeks, the § 3553(a) factors do not support a sentence reduction in this case. The circumstances of the offense and need to reflect the seriousness of the offense weigh against a sentence reduction. Defendant was convicted for possessing a firearm, which was confiscated after law enforcement were called to his home in response to a domestic dispute between Defendant and his girlfriend. (Doc. No. 68, p. 3.) And he possessed that firearm despite a lengthy criminal history of felonies, including another conviction is this Court for possessing a firearm as a convicted felon for which he served over five years in prison. (Id., p. 12, ¶ 41.) Defendant's record demonstrates he has not been deterred by previous sentences of incarceration. Consequently, the nature and circumstances of Defendant's crime were serious, and weigh against compassionate release or a reduction in Defendant's sentence.

Defendant represents that he has made strides towards his rehabilitation in prison, he has a re-entry plan, and he is at low risk for recidivism due to his age. However, as summarized in the Court's prior Order, in 2019—nine years after he was arrested for the underlying offense in this case—Defendant was disciplined for having a firearm in a BOP facility. (Doc. No. 138, p. 5.) The Court commends Defendant's long transcript of educational and treatment programs and work assignments while incarcerated. (Doc. No. 156-1. P. 1–2.) However, these efforts do not outweigh

the other § 3553(a) factors, which on balance weigh against a reduction of Defendant's sentence given the seriousness of the crime, to promote respect for the law, and to protect the public.

## V.  CONCLUSION

For the forgoing reasons, Defendant fails to assert any extraordinary and compelling reasons for compassionate release and the § 3553(a) factors do not support a reduction of Defendant's sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motions for Compassionate Release, (Doc. Nos. 153, 159, 160), are **DENIED**.

**IT IS SO ORDERED.**        Signed: March 11, 2024

Frank D. Whitney
United States District Judge